UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DELVOND BROWN,

    Petitioner,

    v.

G. D. LEWIS, Warden,

    Respondent.
                                 /

No. C 12-2198 SI (pr)

**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE**

## INTRODUCTION

Delvond Brown filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon initial review, the court ordered Brown to file an amendment to cure two specific pleading deficiencies: his Claim 3 had alleged only a state law error and not a violation of any federal constitutional right, and he had not attached a copy of his co-defendant's brief that contained the argument he attempted to incorporate by reference in his Claim 3 and Claim 4.

Brown later filed a motion for a stay to exhaust state court remedies for a new claim, i.e., the federal constitutional violation that allegedly supported Claim 3. (Docket # 6.) He also filed a motion to amend to present his new claim. (Docket # 7.) And he filed an amended petition that confusingly is labeled as an amendment even though it appears to contain all of his claims. (Docket # 8.) The amended petition is not signed by Brown.

The first item to consider is the motion for a stay. There are two kinds of stays available in a habeas action: the *Rhines* stay and the *King/Kelly* stay.[1] A stay under *Rhines v. Weber*, 544

---

[1] Litigants and courts often refer to the procedure as a "stay and abeyance." The phrase refers to the district court "stay[ing] the petition and hold[ing] it in abeyance while the petitioner returns to state court to exhaust." *Rhines v. Weber*, 544 U.S. 269, 275 (2005). For convenience,

1  U.S. 269 (2005), "is only appropriate when the district court determines there was good cause
2  for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless,
3  and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. The
4  *King/Kelly* stay is the second kind of stay and is an alternative method to deal with a petitioner
5  who has some unexhausted claims he wants to present in his federal habeas action. Under the
6  procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his
7  petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended,
8  fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to
9  exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the
10 newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir.
11 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly*
12 three-step procedure is not required to show good cause as under *Rhines*, but rather must
13 eventually show that the amendment of any newly exhausted claims back into the petition
14 satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative
15 facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations.
16 *Id.* at 1141-43.

17      Here, Brown has not satisfied the requirements for a *Rhines* stay, although he has satisfied
18 the requirements for a *King/Kelly* stay. Brown has not satisfied the requirements for a *Rhines*
19 stay because he does not has not shown good cause for failing to exhaust the claims before filing
20 the federal petition, and has not attempted to show that he was not engaged in intentionally
21 dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. The court therefore will not grant a
22 *Rhines* stay. However, it is easier for a petitioner to obtain a *King/Kelly* stay. Brown has
23 satisfied the only currently applicable requirement for a *King/Kelly* stay, i.e., that his petition had
24 no unexhausted claims – at the time he filed his motion for a stay, his original petition was the
25 operative petition and had no unexhausted cognizable claims. Whether the claims that he
26 intends to exhaust will relate back to the petition can be decided when he returns after

___

28 the court refers to the combined procedure as a stay.

2

exhausting state court remedies and moves to amend his petition to add those newly-exhausted claims. The court will grant a *King/Kelly* stay so that Brown may exhaust state court remedies for claims he wishes to present to this court. Brown must file his unexhausted claims in state court within thirty days, and must return to federal court within thirty days of a final decision by the state courts on those claims. *See Kelly*, 315 F.3d at 1070.

Brown's motion to amend to add the unexhausted claim is DENIED as premature. (Docket # 7.) After Brown concludes his state court efforts to exhaust his new claim, he may move to file an amended petition in which he presents that claim. The amended petition must be signed.

For the foregoing reasons, this action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Brown exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and amend his petition to add any new claims. Brown must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded.

IT IS SO ORDERED.

DATED: November 14, 2012

_____
SUSAN ILLSTON
United States District Judge